UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 1:07-CR-176

v.                                                 Hon. Janet T. Neff

RICHARD NORMAN AYERS,

        Defendant.

_____/

**<u>ORDER GRANTING MOTION FOR REVOCATION OF BOND</u>**

The government has filed a motion to revoke the bond of defendant Richard Norman Ayers (docket no. 27).  For the reasons stated below, the motion will be GRANTED.

Defendant was initially placed on bond on July 18, 2007, with the requirement that he be placed K-PEP in Benton Harbor, Michigan.  On September 24, 2007, defendant's bond was modified to allow him to reside at the Silver Beach Hotel in St. Joseph, Michigan, where he was employed in a maintenance capacity.  The hotel made a room available to defendant so that he could be on call 24/7.  It also saved him a 30-minute walk or bicycle ride from K-PEP.  Defendant's release from K-PEP was not without concern to the court due to defendant's history of substance abuse, but was done with the concurrence of both counsel and the Pretrial Services office due to defendant's excellent work record at the hotel and the fact that he had not abused drugs or alcohol while on bond. Defendant was to participate in a program of drug and alcohol testing and treatment while he resided at the hotel.

1

Defendant pled guilty to possessing 50 grams or more of methamphetamine with the intent to distribute before the Hon. Ellen S. Carmody on October 10, 2007, and bond was continued.

Defendant does not dispute that there is clear and convincing evidence that he violated the conditions of his release, see 18 U.S.C. § 3148(b)(1)(B), once he moved to the hotel. He told the manager of the hotel that upon moving in, virtually the first thing he did was to get "an ice cold Bud." He was then twice captured on videotape drinking in the hotel's bar, and he subsequently admitted this conduct to the manager of the hotel.

The court also finds it is unlikely defendant will abide by any condition or combination of conditions of release this court might impose regarding defendant's behavior while on bond. The court reaches its conclusion for the following reasons:

a. Defendant's immediate and deliberate violation of the court's admonishment to have no alcohol, as soon as he was released from K-PEP;

b. Defendant's admission that he sought out and brought back marijuana to his room at the hotel; and

c. Defendant's recorded telephone message to the manager of the hotel to persuade her not to appear at the hearing on this motion or, if she did appear, to say she had not seen defendant drinking.

All of the above is abundant evidence of defendant's willful disregard of the court's authority and his intent to circumvent conditions of release imposed by the court when it is to his advantage. The Pretrial Services officer cannot be expected to supervise a defendant under these conditions.

Accordingly, defendant's motion to revoke bond is GRANTED and defendant is DETAINED pending sentencing.  Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with his defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.


Dated:  October 22, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge